UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

PERRY AVRAM MARCH #405328, )
　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
v. ) NO. 2:12cv-266
　 ) *Mattice/Lee*
BENNIE TOWNSEND and )
TODD WIGGINS, )
　　　Defendants. )

## **MEMORANDUM & ORDER**

Seeking damages and injunctive relief, Perry Avram March, an inmate in Northeast Correctional Complex [NECX] in Mountain City, Tennessee, brings this *pro se* civil rights action, under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, charging that he has been denied a special religious diet. The defendants are Bennie Townsend, NECX's Food Services Manager, and Todd Wiggins, NECX's Deputy Warden who supervises food services. Defendant Townsend is sued both in his individual and official capacities, whereas defendant Wiggins is named only in his official capacity.

### **I. The Filing Fee**

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now

resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and to Derrick Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein. All payments should be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

## II. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed. In performing this task, the Court realizes that the pleadings of *pro se* litigants must be liberally construed and "held

2

Case 2:12-cv-00266   Document 13   Filed 02/08/13   Page 2 of 8   PageID #: 75

to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, though plaintiff need not provide detailed factual allegations in his complaint, he must supply concrete grounds showing his entitlement to relief—a burden which is not satisfied by mere labels, conclusions, or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Plaintiff's Allegations

Plaintiff maintains that he is an Orthodox Jew (to his knowledge, the only one at the prison) who decided to return to an observant Kosher diet, as dictated by his Orthodox Jewish faith, approximately seven months ago. The Warden and the Chaplain approved plaintiff for enrollment in the special religious diet, but defendant Bennie Townsend told plaintiff that no Kosher breakfast would be served to him and that he could request a non-pork tray at the serving window. Also defendant Townsend informed him that he would have to eat off non-kosher trays and use non-kosher utensils.

Plaintiff complains that this practice nullifies the entire kosher status of food served on those trays and touched by those utensils. In what plaintiff charges was "obvious retaliation," defendant Townsend also said that the kosher menu would comprise four strictly vegetarian dishes, with no meat, chicken or other products. The Christian population is served more than thirty different lunch and dinner entrees per month, which includes meat, fowl, fish and many other items. Plaintiff has

3

repeatedly informed defendant Townsend and others that his meals are not kosher and not in strict compliance with Jewish dietary laws, to no avail.

Plaintiff filed approximately eight Emergency Grievances, but defendant Wiggins notified plaintiff that all grievances had been consolidated into one non-Emergency Grievance and had been officially denied, concluding that plaintiff was indeed receiving Kosher meals in accordance with prison policy. Plaintiff asserts that he has not been served a kosher menu since his request, that his body and spirit have been polluted by eating non-kosher food, and that, each time he is not served kosher food, the First Amendment is violated and he suffers irreparable injury

### IV. Discussion

1. <u>Supervisory Liability</u>

Plaintiff maintains that, in his executive capacity, defendant Deputy Warden Wiggins is the prison official responsible for supervising the kosher meal program and for claims of civil rights violations. A supervisor can incur liability under § 1983 where a plaintiff shows "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Michigan Dept. of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Here, there has been no showing that this defendant committed any actual acts, encouraged the denial of kosher meal service to plaintiff, or directly participated in the alleged retaliation. Likewise, there is no constituional right not to have a prison grievance rejected. *Alder v. Correctional Medical Services*,

4

73 Fed.Appx. 839, *841, 2003 WL 22025373, *2 (6th Cir. Aug. 27, 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). This holds true if the person who rebuffs an inmate's grievance is a supervisor. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)). Thus, Plaintiff has failed to state a viable claim against Defendant Todd Wiggins Inman based on either on supervisory liability or for denying or failing to act on plaintiff's grievances. Therefore, this defendant is **DISMISSED** for plaintiff's failure to state a claim against him.

2. Official Capacity Claims

Plaintiff has sued the remaining defendant in his individual capacity but also in his official capacity as an employee of the Tennessee Department of Correction. Plaintiff has no claim for damages against defendant Townsend in his official capacity because the doctrine of sovereign immunity applies. The Eleventh Amendment to the U.S. Constitution bars claims for damages against a state, its agencies, such as the Tennessee Department of Correction, and its employees in their official capacities, unless a state has waived its immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Tennessee has not done so. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980); *see also* Tenn. Code Ann. § 20-13-102(a). Therefore, this defendant is immune from any claim for damages in

5

his official capacity and all such claims are **DISMISSED**. This leaves outstanding plaintiff's claims for injunctive relief and damages against defendant Townsend.

3. <u>RLUIPA Claims</u>

Plaintiff asserts that terminating breakfast from his kosher diet, that furnishing him four strictly vegetarian dishes, with no meat, chicken or other products, and that providing non-kosher trays and utensils as part of kosher meal service violates RUILPA. The RLUIPA statute provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicablility, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).

Plaintiff has stated arguable claims under the RULIPA and they will be allowed to proceed in this suit.

4. <u>§ 1983 Claims</u>

To state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person

6

acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

The First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." While incarcerated, prisoners retain certain constitutional rights, including the right to exercise their religious beliefs, *Cruz v. Beto*, 405 U.S. 319 (1972); *Thompson v. Kentucky*, 712 F.2d 1078, 1080 (6th Cir. 1983), subject to reasonable restrictions and limitations by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987); *Turner v. Safley*, 482 U.S. 78, 88-93 (1987). Moreover, an inmate has a First Amendment right to file grievances against prison officials, so long as the grievance is not frivolous. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Prison officials who retaliate against a prisoner for engaging in protected conduct violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*).

The Court does not find plaintiff's allegations against defendant Townsend regarding kosher meals and purported acts of retaliation against plaintiff for filing grievances to be frivolous or malicious and cannot say they do not state a claim which would entitle him to relief under § 1983. These colorable First Amendment free-exercise and retaliation claims against defendant Townsend may advance to service.

Accordingly, the Clerk is **DIRECTED** to issue a summons for this defendant and to forward process to the United States Marshal's office for service.

7

Defendant **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

5. Motion for a Temporary Restraining Order and Preliminary Injunction

Plaintiff has moved for a temporary restraining order and preliminary injunction requiring defendant to furnish him kosher meals and to comply with Jewish dietary laws. Because of the nature of plaintiff's allegations, in addition to responding to the complaint within twenty (20) days of service, defendant is **ORDERED** to respond to this motion, [Doc. 3], **within ten (10) days** of service.

**ENTER**:

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

8

Case 2:12-cv-00266   Document 13   Filed 02/08/13   Page 8 of 8   PageID #: 81