UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

PERRY AVRAM MARCH, )
 )
    *Plaintiff,* )
v. ) No. 2:12-cv-266
 ) *Mattice*
BENNIE TOWNSEND, )
 )
    *Defendants.* )

## MEMORANDUM OPINION

This *pro se* prisoner's civil rights case is set for a jury trial on July 1, 2014, at the United States District Courthouse in Chattanooga, Tennessee. This matter is before the Court on defendant's motion to dismiss based on plaintiff's failure to file his Pretrial Narrative Statement [PNS] on April 1, 2014, in compliance with the Scheduling Order, [Doc. 22]. Plaintiff has responded to the motion and defendant has replied to that response, [Docs. 27 and 32].

In his response, which is also labeled as a motion to extend time and to engage in negotiations directly with defendant's attorney, plaintiff indicates that his time has been occupied in pursuing other legal actions which are presently before the Sixth Circuit on appeal and that, by inference, he was too busy with those matters to file a PNS in this lawsuit. Plaintiff also maintains that, due to the preliminary injunction, which required defendant to serve plaintiff Kosher meals in accordance with the dietary tenets of his Jewish faith and which was entered in this case, the issues he presented in his lawsuit have, by and large, reached a satisfactory conclusion. Additionally, plaintiff requests that

this trial be continued for 120 days to permit him to negotiate with the attorney for defendant to resolve "minor points," which remain outstanding.

In defendant's reply to plaintiff's response, he states that he has no objection to a continuance, but that the substantive issues in this suit have become moot, as shown by plaintiff's characterization of the course of these proceedings, to wit, that "matters in this case have moved towards a satisfactory conclusion, from the Plaintiff's perspective, since this Court issued its preliminary injunction in this case." Defendant also continues to assert that plaintiff's failure to file his PNS statement is a violation of the requirements set in the Scheduling Order and that, for this reason alone, the action should be dismissed.

Defendant's last point is well-taken. The deadline for filing the PNS was established in the Scheduling Order entered on October 7, 2013, [Doc. 22]. Plaintiff has known about his responsibility to file a timely PNS since entry of that order. The instant case was filed after the other cases referenced in plaintiff's response were filed.[1] The demands imposed on plaintiff by his prior litigation endeavors is not a valid reason for failing to file the PNS. Plaintiff must have or should have taken his multiple legal pursuits into account when he decided to file this instant case because litigation, as he no doubt is aware, is time-consuming and because, as the Supreme Court has noted, a prisoner is not a "litigating engine." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

That said, the fact remains that plaintiff has not filed his PNS and that the trial is scheduled for July 1, 2014. Also relevant is plaintiff's failure to offer a satisfactory reason

---

[1] The appeals to which plaintiff refers are listed on the Sixth Circuit's Electronic Case Filing System. Sixth Circuit Court of Appeals Internal Web Page, Public Docket Sheets, Case Search, available at https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet_CaseSearch.jsp (last visited June 9, 2014).

as to why he did not submit and, to this date, has not submitted his PNS. *See Ikerd v. Lacy*, 852 F.2d 1256, 1259 (10th Cir. 1988) ("[B]eing busy in another case does not justify missing a scheduled [deadline].").

The warning as to the consequences of plaintiff's failure to file a PNS could not have been more explicit:

> Plaintiff's failure to file a Pretrial Narrative Statement will result in dismissal of plaintiff's complaint for failure to prosecute and to comply with the orders of this Court. Rule 41(b), Federal Rules of Civil Procedure, [Doc. 22 at ¶ 6].

In accordance with that warning, this case will be **DISMISSED** for plaintiff's failure to file his PNS, as dictated in the Scheduling Order. The Court would note, finally, that presenting a jury with a case in which the substantive issues largely have been resolved, leaving only "minor points" for adjudication, does not serve the interest of judicial economy and is not a wise utilization of federal court jurors or a prudent allocation of scarce judicial resources.

A separate order will enter.

**ENTER:**

       */s/Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE